Garrett, trustee, vs. Brock.

WILLIAM GARRETT, trustee, plaintiff in error, vs. LAWRENCE BROCK, defendant in error.

Negroes were conveyed to a trustee, his heirs, executors, and administrators, forever; in trust; first, for husband and wife, for their joint lives; secondly, for the survivor, for his or her life; thirdly, for the children ; with a power to the husband, at his death, to distribute the property among the children, and to end the trust, and in case of his failure to do this, with a direction to the children to divide it among themselves; and, with a final declaration, that the trust should cease, when the youngest child arrived at lawful age, provided the husband should be then dead. The husband was not then dead. He died afterwards; and after his death, the wife died. Before her death the trustee commenced an action of trover for some of the negroes. It did not appear that she had a legal representative.

*Held,* That the trustee was entitled to recover, at least what was her interest in the negroes.

Trover for negroes, in Floyd Superior Court. Tried before Judge HAMMOND, August Term, 1858.

This was an action of trover, brought by William Garrett, as trustee of Mrs. Ariana Washington, against Lawrence Brock, for certain slaves.

At the trial, plaintiff offered in evidence, in support of his title, the following trust deed:

*Exhibit A.*

This indenture, made this first day of December, in the year of our Lord, eighteen hundred and sixteen, between Warner Washington and Ariana Washington, his wife, of the State of Virginia, and King George county, of the one part, and Needham L. Washington of the same place, of the other part, witnesseth, that he the said Warner, for and in consideration of the sum of six shillings current money of the State aforesaid, to him in hand paid, before the ensealing and delivery of these presents, the receipt whereof is here acknowledged, and also for and in consideration of the covenants hereinafter contained, and on the part of the said Needham, to be done and performed, hath granted, bargained and delivered, and by these presents, doth grant, bargain, sell and deliver unto the said Needham L. Washington, the following slaves, viz: Peyton, Beverly, Phil, John, Sylvia, Bob, Nicholas, Sally, Nelly, Matilda, Nelson, Letty, and with the future increase of the said Sylvia, Sally, Nelly, Matilda, Letty and Emily; also, his stock of horses, cattle, sheep, and hogs; also all his household and kitchen furniture, plantation utensils, &c. of every kind whatever; also, all the fund and amount of money that shall or may accrue from his, the said Warner's sale of land, and improvements, lying in King George county, lately made to Giles Fitzhugh, of Westmoreland county; provided always, and in every case, that all his the said Warner's just debts, which now are, and at this time due and payable to his several creditors, and all his the said Warner's debts, that may have been heretofore contracted for at any time prior to this date, which may now be due

and payable, and that may hereafter become due by any bargain, agreement, covenant, contract or arrangement, whatsoever heretofore made and entered into by him the said Warner, shall be first paid off, and duly satisfied out of the aforesaid fund or amount of money, &c., arising from the aforesaid sale of land, and the remainder of the aforesaid fund and amount of money to be vested in other lands and improvements, or such other property as shall hereafter seem most desirable and suitable to him, the said Warner, or in case of his death, that shall seem most desirable and suitable to him, the said Needham L. Washington, for the benefit and accommodation of his, the Warner's family; and the said Warner and Ariana, for and in consideration of the premises hereinbefore mentioned and expressed, do also jointly convey and make over all the right and title of them, the said Warner and Ariana, of, in and to all the property or properties, estate or estates whatsoever, which they, the said Warner and Ariana now are, or may hereafter be entitled, either by inheritance in right of her, the said Ariana, or otherwise, to have and to hold the aforesaid negroes and other property herein conveyed by the said Warner, as well as all the right and title of, in and to, all other property, properties, estate or estates, which they, the said Warner and Ariana, now are, or hereafter may be entitled to, either by inheritance in right of her, the said Ariana, or otherwise; and also herein jointly conveyed by the said Warner and Ariana, unto the said Needham L. Washington, his heirs, executors and administrators, forever, upon trust nevertheless, and on the following conditions, viz: That he, the said Needham, his heirs, executors and administrators, shall and will stand possessed of the said property, granted, bargained and sold, as well as of the land and improvements, or such other property before mentioned, as when actually purchased, or may be intended to be purchased hereafter, by the said Warner, or in case of his death, by his trustee, to the uses and purposes hereinafter expressed, and no other. First: To the use of the said Warner and the said

Garrett, trustee, vs. Brock.

Ariana, his wife, during their joint lives, to pay over to them the profits thereof. Secondly : To the use of the longest liver for his or her life. Thirdly : To the use of Francis Whiting Washington, John Stith Washington, and Harriet Ann Washington, children of the said Warner and Ariana, and every child or children that the said Warner and Ariana may hereafter have of their bodies, in either case, to pay over to them the profits of the aforesaid estate. Fourthly : The said Warner shall have the right and the power at his death, to appoint and direct by will, deed, or otherwise, in what manner the aforesaid property and estates, as well as the right to the unreceived part of the expectation, by his wife Ariana at the death of her mother, provided it be not gotten before the said Warner's death, and every other right and inheritance whatever, to which the said Warner and the said Ariana, or either of them, may now or hereafter be entitled, shall be disposed of, and distributed amongst his aforesaid several children, by his said wife Ariana, and no others ; and also at the same time to order and direct when this trust shall finally cease and expire. And lastly : In case the said Warner shall fail or neglect, from any cause whatever, to appoint or direct as aforesaid, by will, deed, or otherwise, in what manner the aforesaid property and estate, as well as the unreceived part of the expectation by his wife Ariana, at her mother's death aforesaid, together with any other right or rights, title or titles, to which he the said Warner, and the said Ariana, or either of them may be entitled, either by inheritance or otherwise, shall be disposed of and distributed amongst his aforesaid several children, that in that event it be understood hereby, that his, the aforesaid several children, shall divide the same as they will be thereto entitled by virtue of the statutes for distribution of estates of intestates, and that this trust shall finally cease and expire, when the youngest of the aforesaid children arrive at lawful age : Provided, he, the said Warner, shall die before that time, and the said Needham, for himself, his heirs, executors, and ad-

ministrators, doth covenant with the said Warner and Ariana, their heirs, executors and administrators, that he, the said Needham, his heirs, executors and administrators, shall and will stand possessed of the aforesaid property, right, &c., to the uses and purposes aforesaid, and no other, and that he will well and truly, so far as he may be able, execute the trust, as before expressed, pursuant to the intention and meaning of this indenture, and the said Warner and Ariana, for themselves, their heirs, executors, and administrators, warrant and defend the aforesaid property and right to the said Needham, his heirs, executors, administrators, against the claim or claims of them, the said Warner and Ariana, their executors and administrators, and every other person whatsoever, forever.

In testimony whereof, the parties to these presents, have hereunto interchangeably affixed their hand and seals, this day and year first above written.

WARNER WASHINGTON,        *(L. S.)*
ARIANA  WASHINGTON, ·        *(L. S.)*
NEEDHAM L. WASHINGTON, *(L.  S.)*

Signed, sealed, delivered and acknowledged in the presence of

    JOHN H. MICON,
    GILES FITZHUGH.

After the introduction and reading of this deed, defendant's counsel, plaintiff agreeing that the motion should then be made, moved to dismiss the action, on the ground, that the trust had ceased and determined according to the terms and provisions of said deed, and that no right of action existed or remained in plaintiff.

It was admitted by the plaintiff, that Warner Washington died in July, 1849; that Ariana Washington died in 1857, since the commencement of this suit; and that all the children of said Warner and Ariana, for whose use the property in the trust deed was held, under the third provision or

trust thereof, were of age before the death of the said War-
ner Washington. And that William Garrett was substituted
as trustee in the place of Needham L. Washington, by a
Court of Equity of competent jurisdiction, before the com-
mencement of this suit.

After argument, the Court sustained the motion and dis-
missed the action, and counsel for plaintiff excepts.

UNDERWOOD; and PRINTUP, for plaintiff in error.

AKIN; and SHROPSHIRE, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

Was the Court below right in sustaining the motion to
dismiss the action?

The ground on which the motion was put and decided,
was, " that the trust had ceased and determined, according
to the provisions of" " the deed of trust."

Was this ground true?

The first argument employed to show it true, was, that the
trust expired at the death of Warner Washington, which .
happened before the commencement of the suit.   But the
first use in the deed is to Warner, and his wife Ariana, " for
their joint lives ;" and the second, is to " the longest liver for
his or her life;" and she was the longest liver.   Consequent-
ly, the use or trust, must, by the terms of the deed, have
continued beyond his life.   The first argument, therefore, is
not sufficient.

The second argument was, that " if the trust did not ter-
minate at the death of Warner Washington, it expired at the
death of Mrs. Washington, all the children being" then " of
age," " the property absolutely vested in them, and they have
the right to sue for the same."

But Mrs. Washington did not die until 1857, and the suit
was commenced in 1849.   Consequently, granting this argu-

Garrett, trustee, vs. Block.

ment to be good, it does not prove that the action was not well commenced, and well prosecuted for eight years. Indeed, it admits the contrary. If then, that be so, did the action abate by her death? Yes, says this argument; it says that the property, at her death, vested absolutely in the children. What property? The whole property, including what had been her interest in it, before her death. Is it true, that by her death, both the equitable title to *this* interest— a title that was in her—and the legal title to it—a title that was in the trustee, passed into the children? To justify us in saying, that even the equitable title to that interest, passed into the children, we should have to assume some things which, the evidence does not authorize us to assume. We should have to assume that she died out of debt, and without a will; for, if she died in debt, her creditors would have the first claim upon her estate; and if she had a will, her legatees would take what the creditors left.

We are not authorized then, we think, to say that even the equitable title to *her* interest in the property, vested at her death, in the children.

Did not that title vest in her legal representative. It is sufficient to say, that, for aught that appears, she had no legal representative. It does not appear, that she had a legal representative.

And even if it were, that she had a legal representative, and consequently that the equitable title to this interest, was in him, we should nevertheless be inclined to think, that the legal title to it, would still remain in the trustee—that, in other words, the trust would not be executed in such legal representative—but that a conveyance or transfer of that title, by the trustee to him, would still be necessary, in order to clothe him with the entire title. The reasons for this inclination will be indicated in the close of this opinion.

This argument then, is we think, insufficient.

The third argument was this; " When the youngest child arrived at full age, Warner Washington being dead, the chil-

dren were to divide the property between themselves, and the power and duties of the trustee ceased at the death of Washington, he having nothing further to do."

But it turned out, that Warner Washington was not dead, when the youngest child arrived at full age. The part of the deed relating to that division, therefore, failed. The division was to take place, at that time; "provided he, the said Warner Washington" should "die before that time." He died after that time.

The fourth argument was in these word:

"The property being in the children, Garrett cannot recover it for he is no longer their trustee. Mrs. Washington being dead, he is no longer her trustee, and if there is any thing due her individually—damages for hire—it goes to her representative, and the trustee cannot demand it, for if he recovers any thing, it can only be as trustee, for a dead person."

A part at least of the property, is, as we have seen, *not* in the children—the part that Mrs. Washington was entitled to.

We are not prepared to admit, that the mere death of the *cestui que trust*, destroys the trust, and divests the trustee of the legal title. We think, that, whether such death destroys the trust or not, must depend entirely upon the terms and conditions of the trust.' And among the terms and conditions of this trust, there is none that says the trust is to expire, at her death. And if there were, that could not have the effect, to divest the trustee of the legal title to the interest in the property which belonged to her, but he would still hold the legal title to that interest, in trust for whoever might become her administrator or executor. So that, even if we concede, that the trust expired with her, it will still be true, that the trustee will have the right to sue for the interest which she had in the property, there being as yet, no legal representative of her.

The conclusion, then, to which we come, is that none of the arguments are sufficient to establish the position, that the

trust had "ceased and determined," in *every* part of the trust property. No other argument occurs to us, which would, in our opinion, be sufficient to establish that position.

The result therefore, is that we think, that the trustee was entitled to sue for and recover, at least, the interest, of Mrs. Washington, in the property. Hence, we think, that the Court erred in dismissing the action.

Was he not entitled to recover the entire interest,—all of the negroes, and all of their hire? I resume this question, to indicate as I promised to do, the mere inclinati n of our opinion on it.

Was not the trust, on the death of Mrs. Washington, executed in the children, so far as their interest in the property was concerned? Or was it still a subsisting trust, and the case one in which, it was necessary, that there should be a transfer of the legal title by the trustee, to them, in order to put that title in them?

It must be remembered, that the terms of the conveyance to the trustee, are sufficient to carry into him, the whole legal interest. They are, to him, "his heirs, executors, and administrators, forever." It must be remembered, too, that the conveyance is by deed, and not by will. And lastly, it must be remembered, that by the terms of the conveyance, the trust was to subsist, in certain events, (which I may say have happened,) for the children, after the death of both parents. Under these circumstances, did the trust terminate at the death of Mrs. Washington, and the legal title, by mere operation of law, pass from the trustee to the children, rendering it unnecessary, that there should be a conveyance of that title, made to them by him?

The question is not without difficulty; but we are inclined to think, that the authorities are in the negative. See *Hill on trustees, and the cases cited by him, beginning at 248, Marg. 1; Also, Id. 255, 324, 325; 2 Coke Litt., But. note 15.*

In *Jordan vs. Thornton*, 7 *Ga.* 520, this Court seems to recognize the necessity of some *transfer*, by the trustee, though they held, that a bare delivery of the property, was sufficient. The property was personalty—negroes. The language of the Court was, "No conveyance of the legal estate by the *trustee*, was required by the will; it passed by operation of law upon delivery."

We must, with our views, reverse the judgment and reinstate the case.

Judgment reversed.