PEOPLE'S NATIONAL BANK OF SHELBYVILLE, TENNESSEE, *v.* CLEVELAND, trustee, *et al.*

1. Petitioners brought their equitable petition in this State, against a domestic and a foreign corporation, the latter having no agency or place for doing business in Georgia, claiming that they were the real owners of certain shares of stock of the domestic corporation, the certificate of which was held by the foreign corporation as transferee, and prayed for a decree cancelling the transfer, removing the cloud upon their title to such shares, and adjudging that they were entitled to the same. *Held:* (a) That the shares of stock were personal property, and, for the purposes of this suit, their situs was the domicile of the domestic corporation. (b) That the foreign corporation could be legally served by publication, under the Civil Code, § 4976, providing that in suits brought to remove a cloud from or to quiet the title to property in this State to which a non-resident claims title or an interest therein, such non-resident may be served by publication. (c) That when in such a suit service was duly perfected upon the non-resident defendant by publication, the proceeding against him was by due process of law.
2. In an equitable proceeding of this character there is no misjoinder of causes of action when the plaintiffs have one connected interest centering in the point in issue, or one common point of litigation with the defendant.
3. The shares of stock in question having been bequeathed to a trustee, who, under the provisions of the will, was to pay over to a life-tenant the dividends

thereon for his support and maintenance, the corpus of the trust estate, upon the death of the cestui que trust, to go to remaindermen, and the original petition having been brought by the trustee during the lifetime of the life-tenant, the action did not abate by reason of the death of the cestui que trust pendente lite, but could proceed in the name of the trustee for the recovery, at least, of unpaid dividends declared upon the stock during the life of the cestui que trust.

4. The life-tenant having died during the pendency of the suit brought by the trustee, the remaindermen, who, upon his death, intervened as parties plaintiff in the case, were, under the allegations of the petition, entitled to recover unpaid dividends which had been declared after the death of the cestui que trust.

5. The persons who intervened as remaindermen intervened also as the heirs at law of the life-tenant, for the purpose of recovering the unpaid dividends which had been declared prior to his death ; but neither as remaindermen, nor as such heirs at law, were they entitled to recover such dividends. As remaindermen they had no interest in these dividends ; and as heirs at law they could not maintain an action to recover personalty, the right to recover personal property which belonged to a decedent being in his administrator or executor, save in a case like the present, where a trustee has the right to recover it as part of the trust estate committed to his keeping.

6. An executor's assent to a legacy divests him of the title to the property embraced therein and perfects the inchoate title of the legatee, so as to give the latter a right of action to recover such property if held adversely to him.

Argued February 23,— Decided April 8, 1903.

Equitable petition.    Before Judge Brinson.    Richmond superior court.    January 31, 1903.

*J. C. C. Black,* for plaintiff in error.
*Joseph B. & Bryan Cumming,* contra.

FISH, J.    An equitable proceeding was brought, in the superior court of Richmond county, by Jesse Cleveland as trustee of Vannoy Cleveland, a resident of this State, against the Georgia Railroad and Banking Company, a corporation under the laws of this State, having its principal office and place of business in the county of Richmond, and the People's National Bank of Shelbyville, Tennessee, a corporation under the laws of the United States, located and conducting its business in Shelbyville, Tennessee.    The petition, when finally amended, made the following case.    R. M. Cleveland, late of Bedford county, Tennessee, died, testate, in April, 1876. The fifth item of his will was:    "I will to my son, William C. Cleveland, trustee for my son, Vannoy Cleveland, one ninth of all my railroad stock, bonds, and notes, to be paid to him by a trustee as hereinafter directed.    The interest on said bonds and stock, and

the interest on said notes as they are paid, to be allowed to him for his maintenance and board and clothing, and at his death the portion allowed for his maintenance to go to my other children, unless he in the future should have a family and leave children; in that event, I desire it should go to his children." W. C. Cleveland failed to qualify as trustee, and B. F. Cleveland was duly appointed trustee of Vannoy Cleveland, under the provisions of the will, by the court having jurisdiction of such matters in Tennessee. After the payment of the debts and the distribution of the estate of R. M. Cleveland, there was set apart, under the fifth item of his will, in trust as therein stipulated, for Vannoy Cleveland, certain railroad stock, bonds, and notes, including thirty-six shares of the capital stock of the Georgia Railroad and Banking Company, which stock stands upon the books of the company in the name of B. F. Cleveland, trustee of Vannoy Cleveland. On June 30, 1896, B. F. Cleveland, having lost all of his estate and being pressed for money, by persuasion, influence, and importunities, induced Vannoy Cleveland to sign a paper by which he authorized and empowered B. F. Cleveland to pledge the thirty-six shares of stock above mentioned, as security for a loan from the People's National Bank of Shelbyville to B. F. Cleveland. Vannoy Cleveland received no consideration whatever for executing such paper, but did it solely for the benefit of B. F. Cleveland and in compliance with his importunities, and in consequence of his influence over his cestui que trust. On and before the death of his father, R. M. Cleveland, and during the year 1896 and since, Vannoy was a paralytic and, by reason of his mental and bodily infirmities, wholly unable to attend to any business touching the management or control of his estate or of the stock referred to. He had no fixed residence, but lived most of the time at the residence of his brother and trustee, B. F. Cleveland, and was entirely subject to the will and control of his trustee, who had overpowering influence over him. " By reason of the said Vannoy's mind, the impairment of his health, and being subject to the will, control, and influence of the said trustee, the said Vannoy was unable to resist doing anything asked, desired, or demanded by the said B. F. Cleveland, however improvident or improper it might be, and any transfer, sale, contract, or agreement signed by the said Vannoy at the instance, request, or command of the said B. F. Cleveland, was not the act of the said Vannoy, because he

was not a free agent, nor fully capable of understanding the effect of any paper signed by him; and . . the paper of June 30th, authorizing the pledge of the thirty-six shares of Georgia Railroad & Banking Company stock, . . physically signed by the said Vannoy, was not binding as his act and deed, but was signed under and by virtue of the influence of B. F. Cleveland, his trustee, with whom he was living and upon whom he was dependent for care and attention rendered necessary by his mental and bodily impairment." B. F. Cleveland, having secured such nominal authority to pledge such stock with the Shelbyville bank, in violation of his trust, deposited the scrip for the thirty-six shares of stock with such bank as security for an individual debt. The officers and agents of the bank knew of the mental condition, as above stated, of Vannoy Cleveland, and knew that the paper had been signed by him by reason of the persuasion and undue influence exercised over him by his trustee, B. F. Cleveland. The bank continues to hold the certificate of such stock, under the transfer made as above stated, as security for the debt of B. F. Cleveland, and, after demand therefor, has refused to return the same to petitioner. By reason of the facts above stated, the bank has no title or estate in and to such stock. By proper proceedings, subsequently had in the circuit court of Bedford county, Tennessee, having jurisdiction of the persons and subject-matter, B. F. Cleveland was removed as the trustee of Vannoy Cleveland, and petitioner was appointed in his stead as such trustee. Having subsequently learned of the illegal transfer and pledge of the stock, petitioner duly notified the Georgia Railroad and Banking Company not to recognize the transfer, and not to pay any dividends accruing upon the stock to the People's National Bank of Shelbyville. Petitioner demanded the payment of the dividends which have accrued upon the stock, of the Georgia Railroad and Banking Company, which it refused to pay, because of such transfer and its inability to determine who was entitled thereto. The Georgia Railroad and Banking Company is indebted to petitioner, as such trustee, the amount of the accrued dividends upon the stock, and judgment is prayed for the same. The paper of June 30, 1896, signed by Vannoy Cleveland, and the transfer of the certificate of stock by B. F. Cleveland, former trustee of Vannoy, to the Shelbyville bank constitute a cloud upon the title of petitioner, as trustee of Vannoy, to such stock. The prayers of the

petition were, that the paper signed by Vannoy Cleveland, authorizing B. F. Cleveland to pledge the stock, and the transfer of the scrip or certificate to the People's National Bank of Shelbyville by B. F. Cleveland, be cancelled as a cloud upon petitioner's title; that the stock certificate be surrendered and a new certificate be issued to petitioner in lieu thereof; that the Georgia Railroad and Banking Company pay to petitioner the dividends that may in the future accrue upon such stock; and for general relief.

The Georgia Railroad & Banking Company filed its answer, to which were attached, as exhibits, copies of the paper signed by Vannoy Cleveland, June 30, 1896, letters from the People's National Bank of Shelbyville, demanding the payment of the dividends claimed to be due it as transferee of the certificate of stock, and letters from Jesse Cleveland as trustee of Vannoy Cleveland, containing notice of his appointment as such trustee and demanding that the dividends be paid to him. The answer disclaimed any interest in the stock, and averred the defendant's willingness to account to whomsoever was entitled to the stock and dividends thereon, and prayed that the petitioner and the People's National Bank of Shelbyville be required to interplead. Georgia A. Cleveland, Harry B. Cleveland, R. M. Cleveland Jr., W. C. Cleveland, and B. F. Cleveland, as surviving children of R. M. Cleveland, deceased, and Robert and Jerry Cleveland, both of age, Grace, William, Frederica, Barnett, and Ben Cleveland, minors, by their next friend, Robert Cleveland, all children of Jerry J. Cleveland, deceased, son of the testator, R. M. Cleveland, and W. S. Ryall, husband and sole legatee under the will of Carolina Cleveland, deceased, daughter of the testator, R. M. Cleveland, filed a petition, praying that they be allowed to intervene as parties plaintiff in the cause. Their petition alleged that Vannoy Cleveland had died since the original petition was brought, unmarried and without issue; that he left no debts and was at the time of his death a citizen and resident of Georgia; that petitioners (except Ryall, who claimed as sole legatee of his wife) as his brothers, sister, nephews, and nieces were his sole heirs at law, and, as such, were entitled to the accrued dividends on the Georgia Railroad and Banking Company stock which had not been paid, and as children and grandchildren of R. M. Cleveland, were, as remaindermen, entitled, under the clause of his will set out in the original petition, to the thirty-six shares of the capital stock of such com-

pany. An order was granted allowing these petitioners to intervene as parties plaintiff, without prejudice to any right of demurrer by the People's National Bank of Shelbyville. The Shelbyville bank was served by publication. It demurred generally and specially, the grounds of which demurrer will be hereinafter considered. The demurrer was overruled, and this judgment of the court is before us for review, upon a writ of error sued out by the Shelbyville bank.

1. It is not necessary to discuss the merits of the general demurrer, as it is clearly evident that the petition set forth a cause of action. The point was made, by several grounds of the demurrer, that the court had no jurisdiction of the Shelbyville bank, it being a foreign corporation, located and conducting its business in the State of Tennessee, and that the court could not acquire jurisdiction of it by service on it made by publication. The Civil Code, § 4975, provides: "If the defendant in equitable proceeding does not reside in the State, service of the petition or any order of the court may be made by publication." In section 4976 it is declared: "Where any non-resident or person unknown claims or owns title to, or an interest, present or contingent, in any real or personal property in this State, service on such non-resident or unknown owner or claimant may be made by publication in cases affecting such property where proceedings are brought—1. To remove a cloud therefrom or quiet title thereto. 2. To cancel or set aside deeds, mortgages, liens, or incumbrances thereon. . . 6. To make any decree or order in which the subject of the action is real or personal property in this State, in which a non-resident or unknown person has or may have or claims an interest, actual or contingent, and in which the relief demanded consists wholly or in part in excluding him from an interest therein. 7. Where a non-resident or person unknown has or may have or may claim present, future, or contingent interests in any property in this State." Sections 4978 et seq. provide for the method and manner of perfecting service by publication in such cases. It is not disputed that the stock and dividends involved in this case are personalty. "Stocks representing shares in an incorporated company holding lands, or a franchise on or over lands, are personalty." Civil Code, § 3070. The disputed question is as to the situs of this property. As a general rule, personal property follows the person of the owner, and has its situs at his domicile, but it may, for some purposes, have a differ-

ent situs from the domicile of the owner: "A nation within whose territory any personal property is actually situate, has as entire dominion over it while therein, in point of sovereignty and jurisdiction, as it has over immovable property situate there. It may regulate its transfer and subject it to process and execution, and provide for and control the uses and disposition of it, to the same extent as it may exert its authority over immovable property." Story's Conflict of Laws, § 550. Our Civil Code, § 5430, provides: "Shares in a bank or other corporation may be levied on and sold, either under attachment or fi. fa., in any county where the corporation does business — notice of such levy being given to the defendant, if his residence be known, and also the officers or agent of the corporation in the county where the levy is made. Upon demand by any sheriff, constable, or other levying officer of this State, having in his hands any execution or attachment against any person who is the owner of any shares of stock of said bank or joint-stock company, upon the president, superintendent, manager, or other officer of any corporation or joint-stock company having access to the books thereof, said president, superintendent, manager, or other officer aforesaid shall disclose to said levying officer the number of shares and the par value thereof owned by the defendant in said execution or attachment, and on refusal to do so, shall be considered in contempt of court and punished accordingly." See also §§ 4168, 4535. It is clear, therefore, that, for the purpose of subjecting corporate stock to attachment and execution, our code fixes its situs at the domicile of the corporation.

In *Dearing* v. *Bank of Charleston,* 5 *Ga.* 497, wherein the bank, whose domicile was in the State of South Carolina, was the complainant in a bill to review and set aside a decree which had been rendered in Dearing's favor, in a suit which he had instituted against it and a Georgia corporation, involving certain shares of stock in the latter company, the title to which was claimed both by Dearing and the Charleston bank, this court held that, inasmuch as there was no statute law of Georgia which authorized citizens of a foreign State to be made parties to proceedings in our courts, without their consent, a judgment rendered against an inhabitant of a foreign State, in a case wherein he did not appear, although notice was served upon him, under the second rule in equity, by publication, was "a nullity as to him." But Nisbet, J., who delivered the opinion,

referring to the stock, said : "Its situs is in Georgia — the sovereignty of the State is over it, and the jurisdiction of the courts coextensive with its sovereignty." It is apparent from what is said in the opinion that if there had been then in existence a statute similar to that of 1895, contained in section 4976 of the Civil Code, and service on the Bank of Charleston had been duly perfected, in pursuance thereof, by publication, the court would have held it bound by the previous decree. In *Wright* v. *Southwestern Railroad Co.*, 64 *Ga.* 799, Justice Jackson said : " Stock in a railroad is really but so many shares of its property, and that property is real estate, for the most part at least, and taxable by the State in which the road is located." It was held by the Court of Appeals of New York, in Mechanics Bank *v.* Railroad, 3 Kernan, 627, that certificates of stock are simply muniments and evidences of the holder's title to a certain number of shares in the property and franchises of the corporation of which he is a member. To the same effect, see 1 Cook on Stock and Stockholders, § 14. A case directly on the question under consideration is Jellenik *v.* Huron Copper Mining Co., 177 U. S. 1. There "a suit was brought in the circuit court of the United States for the western district of Michigan, by parties citizens of other States than Michigan, against a Michigan mining corporation and certain individual defendants holding shares of stock in that corporation and being citizens residing in Massachusetts. The plaintiffs claimed that they were the real owners of certain shares of stock of the corporation, the certificates of which were held by the Massachusetts defendants, and sought a decree removing the cloud upon their title to such shares and adjudging that they were entitled to them." It was held : " 1. That the defendants, citizens of Massachusetts, were necessary parties to the suit. 2. That they could be proceeded against in respect of the stock in question in the mode and for the limited purposes indicated in the eighth section of the act of Congress of March 3, 1875, 18 Stat. 470, c. 137, which authorized proceedings by publication against absent defendants in any suit commenced in any circuit court of the United States to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district where such suit is brought. 3. That for the purposes of that act the stock held by the citizens of Massachusetts was to be deemed

personal property 'within the district' where the suit was brought. The certificates of stock were only evidence of the ownership of the shares, and the interest represented by the shares was held by the company for the benefit of the true owner.    As the habitation or domicil of the company is and must be in the State that created it, the property represented by its certificates of stock may be deemed to be held by the company within the State whose creature it is, whenever it is sought by suit to determine who is its real owner." We are of opinion, both upon principle and authority, that the situs of the shares of stock, the subject-matter of the litigation in the present case, was, for the purposes thereof, in Richmond county, Georgia.    As the property in litigation was located in Georgia and in Richmond county, and the jurisdiction of the courts of this State attaches upon all property within its limits, the superior court of that county had jurisdiction of the subject-matter of the controversy, and hence of a suit involving its title, and such court could, for the purpose of determining and settling its true ownership, acquire jurisdiction of a non-resident of this State who claimed title to such property, by having service perfected upon such foreign claimant by publication, in accordance with the provisions of the statute applicable in such cases.    It follows that when service was thus duly perfected upon the People's National Bank of Shelbyville, Tennessee, the proceeding against it was by due process of law.

2. Another ground of the demurrer was, that there was a misjoinder of causes of action, in that a cause of action by the petitioners as remaindermen under the will of R. M. Cleveland, for the shares of stock, was joined with a cause of action by them as heirs at law of Vannoy Cleveland, for the unpaid dividends which had accrued on such shares during his lifetime.    We do not think there is any merit in this ground.    The rule is well established that where there is one connected interest, centering in the point in issue, or one common point of litigation, so that the joinder tends to prevent multiplicity of suits, unconnected parties may join in an action. Brinkerhoff *v.* Brown, 6 Johns. Ch. 139; Fellows *v.* Fellows, 4 Cowen, 682; *Thornton* v. *Martin*, 116 *Ga.* 115; and see *Conley* v. *Buck*, 100 *Ga.* 187, and cases cited.    In the present case there was one common point of litigation, viz., the validity of the Shelbyville bank's title to the shares of stock in question.    Both the remaindermen under the will of R. M. Cleveland and the heirs at

law of Vannoy Cleveland were interested in having the cloud upon the title to these shares, which was necessarily a cloud upon the title to the dividends in question, removed. They had one common point of litigation with the Shelbyville bank and the Georgia Railroad and Banking Company, upon the determination of which the rights of the remaindermen and the rights of the heirs at law alike depended. So, if the remaindermen and the heirs at law had been different persons, they would have had the right to join in this suit. As it is, the same persons claim the shares of stock as remaindermen and the dividends as heirs at law, and surely they ought not to be compelled to resort to separate suits against the same defendants, in order to establish a single contention upon which both their rights as remaindermen and their rights as heirs at law depend.

3. Another contention made by the demurrer was, that the plaintiffs could not recover the dividends, because, if any right of action existed therefor, it was in the executor or administrator of Vannoy Cleveland. It will be noted that the original petition was brought by Jesse Cleveland as the trustee of Vannoy Cleveland, in which it was sought to recover the dividends which had accrued since the certificate of stock had been transferred to the Shelbyville bank by the former trustee, B. F. Cleveland. The trust, having been created in Tennessee, where presumably the common law upon the subject of trusts is in force, would be free from the limitations and restrictions which the law of Georgia imposes upon trusts, and would be valid without reference to Vannoy Cleveland's physical or mental infirmities; but under the ruling made in *Sinnott* v. *Moore,* 113 *Ga.* 908, the trust was valid under the laws of this State. It was held in that case: "A valid trust can be created in this State for the benefit of a person sui juris, for life, with remainder over in trust for another person sui juris, for life." The trust being valid, the trustee certainly had the right, during the lifetime of Vannoy Cleveland, to sue for the recovery of both the corpus of the trust estate and the dividends accruing thereon during the life of the cestui que trust. Such a suit was for the preservation of the trust estate, and was not, at least so far as these dividends are concerned, abated by the death of the cestui que trust pendente lite, but continued for the same general purposes for which it was instituted, viz., the preservation of

the trust estate, and to apply it, if recovered, to those entitled to it. This court has held : " If a trustee in whom the legal title is vested brings suit for real property, and the cestui que trust, who is a married woman, die pendente lite, and there is no administrator on her estate, the action does not abate, but may be continued for the recovery of the property for her heirs. If the action be for personal property, the trustee may recover so that he may be able to deliver it to the administrator, if one be appointed, or, if there be no necessity for administration, then to the distributees, subject in either case to all charges to which it may be liable." *Artope* v. *Goodall*, 53 *Ga.* 319; *Findlay* v. *Artope*, 48 *Ga.* 537. To the same effect is *Garrett* v. *Brock*, 27 *Ga.* 576, where it did not appear whether there was any administration upon the estate of the cestui que trust or not. There can, therefore, be no question that the trustee had the right to recover, at least, the dividends which had accrued during the life of Vannoy Cleveland.

4. Taking the allegations of the petition to be true, the intervening petitioners, children and grandchildren of R. M. Cleveland, were, as remaindermen under the fifth item of his will, entitled to recover the shares of stock in controversy; and having this right, then of course they were entitled to recover dividends on the stock accruing after the death of Vannoy Cleveland.

5. The intervenors, as remaindermen, had, of course, no right to recover dividends which had accrued during the lifetime of the lifetenant, as they, in such capacity, had no interest in such dividends. Nor could they as heirs at law of Vannoy Cleveland recover such dividends, as an heir at law can not maintain an action for the recovery of personalty, the right of action being alone in the administrator or executor. *Smith* v. *Turner*, 112 *Ga.* 533, and cases cited. As we have seen, however, this does not affect our ruling upon the merits of the demurrer, as the suit instituted by the trustee during the lifetime of his cestui que trust did not, at least as to these dividends, abate by reason of the death of Vannoy Cleveland, and the trustee, therefore, could proceed with such suit for their recovery.

6. Another ground of the demurrer was, that W. S. Ryall, one of the intervenors, could not recover the interest of his deceased wife, who was, before her marriage, Carolina Cleveland, but the right to recover this interest, if such right existed, was in her executor. It appears from the petition that Carolina Cleveland died,

testate, prior to the filing of the original petition in this case, leaving no child or issue of a child; that her husband, W. S. Ryall, is the sole legatee under her will, and that her executor has assented to the legacy. Taking this to be true, we are of opinion that Ryall could recover whatever interest his deceased wife had in the property in question. The assent of an executor to a legacy divests him of the legal title to the property embraced therein, and perfects the inchoate title of the legatee so as to give the latter a right of action to recover such property. Civil Code, § 3319; 2 Woerner's Am. Law of Adm. § 453.

In view of the foregoing, the judgment overruling the demurrer is     *Affirmed. By four Justices. Lamar, J., disqualified.*