## McGlawn vs. Lowe.

[Jackson, C. J., did not preside, on account of providential cause.]

The assent of an executor to the legacy of a tenant for life inures to to the benefit of the remaindermen, and they may, at the termination of the life estate, take immediate possession. The executor can recover possession only where it is necessary for him to have it for the purpose of executing the will, when it provides for a sale or other act to be done in order to effect a division among the remaindermen. Therefore, where ejectment was brought by an administrator *de bonis non*, and it appeared from the evidence of the plaintiff that the will created a life estate in the land with remainder over, that the executor assented to the bequest and put the life tenant in possession, that she had sold to the defendant in ejectment and then died, a non-suit should have been granted.

October 2, 1884.

Administrators and Executors. Legacies. Title. Before Judge FORT. Stewart Superior Court. April Term, 1884.

Reported in the decision.

J. L. WIMBERLY; W. A. LITTLE, for plaintiff in error.

T. D. HIGHTOWER; PEABODY & BRANNON; HARRISON & PEEPLES, for defendant.

HALL Justice.

The plaintiff, as administrator *de bonis non*, with the will annexed, of Hollinger Brown, brought suit in the statutory form to recover of the defendant certain lands, together with mesne profits. He introduced in evidence his letters of administration, together with an authenticated copy of testator's will, by which it appeared that the premises in dispute were bequeathed to testator's widow, Leah W. Brown, during her life, and at her death, to certain named persons in remainder. It was further shown that Cole, the executor named in the will, and who was plaintiff's predecessor in the administration of the estate, had assented to this bequest, and put the life tenant in possession of the same, and that she had transferred the possession to the defendant, and conveyed her interest in the land to him by deed, and that she was dead at the commencement of the suit. At the close of plaintiff's testimony, the defendant moved for a non-suit, which was refused, and exception to this refusal was taken by the defendant. There was a verdict for the plaintiff, and other exceptions were taken. It is only necessary to decide the first. The plaintiff's evidence showed conclusively, not only that he had no title to the land and no right to its possession, but also that there was a good outstanding title in others, to-wit, in those who took in remainder at the death of the life tenant. The executor, when he assented to this bequest, had, so far as this land was concerned, fully administered, and the plaintiff, as administrator *de bonis non*, had no title to, nor any interest in, any portion of the estate which had been previously administered. The assent of the executor to the legacy of the tenant for life inures to the benefit of the remaindermen, who may, at the termination of the life estate, take possession immediately. The executor can recover possession only where it is necessary for him to have it for the purpose of executing the will when it provides for a sale or other act

to be done in order to effect a division among the remain-
dermen. Code, §2270, and citations. This will contains
no such provision in reference to the land in controversy.

Judgment reversed. ·