MARTIN, administratrix, v. WALKER.

1. In an action of complaint for land, the plaintiff being an administratrix *cum testamento annexo* and being also devisee of the land, a disclaimer of title made by her in both characters, pending the action, no consideration therefor being recited or otherwise appearing, cannot be used to defeat the action, she at the trial resisting the disclaimer and showing that it was obtained from her in the absence of her counsel and without advice from him or any one else learned in the law.

2. The owner of land having mortgaged or conveyed the same as security for a debt, and the secured creditor having, at her instance, procured another person to advance the money to pay off the debt and having surrendered to her (the debtor) the deed or mortgage made as security, the person so advancing the money

not taking or, so far as appears, requiring any security, the latter obtained no title to the land and had no right to take possession of it after the death of the owner, as against the legal representative of her estate; nor did a deed to him from her husband made after her death, although the land was devised to him by her for the term of his own life, entitle the grantee in the deed to retain possession after the death of his grantor, the tenant for life. But if it affirmatively appeared that the devise for life was assented to by the executor or by the administratrix *cum testamento annexo*, this assent would inure to the devisee in remainder, and might serve to defeat the present action to which such devisee is not a party in that character but only as administratrix with the will annexed.                    *Judgment reversed.*

April 9, 1894.   Argued at the last term.

Complaint for land.   Before Judge Jenkins.   Baldwin superior court.   July term, 1893.

Plaintiff, as administratrix *cum testamento annexo* of Catherine Banks, sued on December 22, 1891, to recover 220 acres of land.   The verdict was for the defendant. Plaintiff moved on the general grounds for a new trial, and the motion was overruled.   It appeared that Catherine Banks had owned the land, and by her will (probated in January, 1888) she devised all her estate to her husband, A. I. Banks, for life, with remainder to plaintiff in the land in dispute.   Defendant introduced a deed dated in 1890, to himself from A. I. Banks, conveying the land in dispute.   Also, two promissory notes of Berry King for $100 each, dated February 8, 1886, payable to A. I. Banks agent, or bearer, " for price of land," due in 1888 and 1889, and indorsed, " Catherine Banks, teste."   Also, a written disclaimer of title in the disputed premises, for herself as administratrix or individually, signed by plaintiff with her mark.   Plaintiff testified that, at the time of the last court, one Brown brought her the disclaimer to sign, and read it to her three times; that she did not understand it and refused to sign it, but offered to go with him to town and see somebody about it; and that he refused this and

told her to touch the pen, which she did. For defendant the testimony was, that the disclaimer was written out on receipt of a message from plaintiff, and was sent to her by Brown, who read it to her three times and fully explained it to her before she signed it. It further appeared that before the death of Mrs. Banks, one Joel employed an attorney to collect a debt of about $500 she owed him, secured by deed or mortgage. She was unable to pay it, and went with her husband and Joel to the attorney's office, carrying the notes of Berry King before mentioned, with other papers. She had used two other notes of Berry King. She asked Joel to see if the money to pay her debt to him could not be obtained from defendant. This was done. Joel received the $500 from defendant, who held the land in payment of that debt. Joel gave up his papers to Mrs. Banks. The notes of Berry King were turned over to defendant. The land in dispute is the same that King purchased. He lived on the place about a year, working the land, and died there. A. I. Banks died before this suit was brought.

C. P. Crawford, for plaintiff.

WHITFIELD & ALLEN, for defendant.