July 30, 1894.

Motion to reinstate. Before Judge TURNBULL. City court of Floyd county. September term, 1893.

McHENRY, NUNNALLY & NEEL, for plaintiff in error.
FOUCHÉ & FOUCHÉ, *contra.*

---

FIELDS *v.* BUSH *et al.*

1. The will involved in the present case created an estate in the testator's widow for and during her life or widowhood, without reference to whether all the children should arrive at majority within that period or not.
2. A sale and conveyance by her of a portion of the realty embraced in the devise, the sale being made privately and without an order of the ordinary, would pass such estate as she had as devisee, but no more.
3. If the conveyance from her was procured by fraud and afterwards the property was legally sold at sheriff's sale under a judgment against her vendee, the purchaser at that sale, while he would be affected by notice of the fraud were she reclaiming the property, is entitled to hold it irrespective of the question of fraud or no fraud, during her life or widowhood, as against any claim to possession by the devisees in remainder, children of the testator.

July 30, 1894.        *Judgment reversed.*

Equitable petition. Before Judge MILNER. Gordon superior court. August term, 1893.

I. N. Buckner left a will in which he appointed his wife executrix. He bequeathed to her certain realty, including that involved in the present case; also his merchandise, furniture, notes and accounts; and provided that she should have full power to collect all debts due him " without any further as my executrix hereinafter named, during her life or widowhood," and full power to manage the property " so as to raise and educate the minor children, during her life or widowhood;

then the remainder to be sold and divided equally between my heirs." In another item he directed his executrix to pay $100 to each of his heirs who were of age, and the others as they came of age, as she might be able and at her convenience. She made a private sale and conveyance of the land in question to John C. Buckner who conveyed it to his wife, who conveyed part of it to Fields, and the sheriff levied on the other part and sold it to Fields. This action was brought by several children of I. N. Buckner against their mother, their brother John C. and his wife, and Fields, alleging that the deed to John C. was procured by his fraud of which defendants had full notice, that Mrs. Buckner had no power, under the will, to sell the property, etc. There was a verdict for plaintiffs, upon which a decree was taken setting aside the deeds and vesting the title in plaintiffs. Fields moved for a new trial, and the motion was overruled. The questions made by the grounds of the motion appear from the head-notes.

W. H. DABNEY and R. J. & J. McCAMY, for plaintiff in error. McCUTCHEN & SHUMATE, J. C. FAIN and W. R. RANKIN, contra.