### EVANS *v.* PARIS, administrator.

1. There was no abuse of discretion in overruling the motion for a continuance.
2. Where a will created a life-estate in the widow of the testator, with remainder to his children, and the widow, who was named as executrix of the will, sold the property of the estate at private sale without any order authorizing her to sell, her deed executed in pursuance of such sale conveyed only the life-estate, and did not divest the children of their interest in the remainder.
3. Where an estate in lands is created by will in a named person for life, with remainder to certain other persons, but it is also provided in the will that the executor shall sell the land and make equal division of the property among the remaindermen, upon the death of the life-tenant an administrator with the will annexed may recover the land for the purpose of selling it and making the division so provided for.
4. Under the facts of the case a verdict in favor of the plaintiff was demanded, and the court did not err in so directing.

No. 472.   APRIL 12, 1918.

Ejectment.   Before Judge Tarver.   Gordon superior court. June 16, 1917.

H. W. Paris as administrator with the will annexed of I. N. Buckner, deceased, brought ejectment against Albert Evans. The land in controversy belonged to the decedent at the time of his death, and in his last will and testament he provided that "my beloved wife have full power under this will to manage said property [the property in controversy being included in this provision] so as to raise and educate the minor children during her lifetime or widowhood; then the remainder to be sold and divided equally between my heirs." The defendant set up the contention that he had title to the property, and deraigned his title from the

executrix named in the will of I. N. Buckner. It is alleged in the answer, that the executrix, who was also the life-tenant, assented to the bequest and devise in the will as made, and took charge of the estate as such life-tenant; that she sold the land sued for to John C. Buckner, a son of the decedent and a remainderman under the will, and he went into possession of the property; and that the defendant holds under the said John C. Buckner under intermediate conveyances.

Upon the trial a motion was made for a continuance, which was overruled. After evidence was submitted the court directed a verdict for the plaintiff. The defendant's motion for a new trial was overruled, and he excepted.

The evidence consisted of the will of I. N. Buckner and the following statement of facts agreed to by both parties: The will was probated. Mrs. Buckner qualified as executrix, and assented to the bequests and devises as made by the will. She conveyed the property sued for by deed to John C. Buckner, who was a son of I. N. Buckner and a remainderman under the terms of the will. The defendant holds under John C. Buckner, who conveyed the property to his wife. It was then sold by the sheriff of Gordon county under an execution against the wife of John C. Buckner, and was purchased by J. F. Fields, who conveyed it to William Taylor, and by Taylor it was conveyed to the defendant Evans. Sarah Ann Buckner, the executrix and widow of I. N. Buckner, died on January 8, 1916, and H. W. Paris qualified as administrator de bonis non with the will annexed on the estate of I. N. Buckner, who died in possession of the premises in dispute, leaving eleven children, all of whom are now living or represented by adult children.

*F. A. Cantrell, A. W. Fite, J. M. Neel,* and *M. B. Eubanks,* for plaintiff in error.

*J. G. B. Erwin Jr.* and *T. W. Skelly,* contra.

BECK, P. J. (After stating the foregoing facts.)

1. The court did not abuse its discretion in overruling the motion for a continuance.

2. The will involved in the present case was construed in the case of *Fields v. Bush,* 94 *Ga.* 664 (21 S. E. 827); and it was there held that the will created an estate in the testator's widow for and during her life or widowhood, without reference to whether

all the children should arrive at majority within that period or not; and that a sale and conveyance by her of a portion of the realty embraced and devised, the sale being made privately without an order of the ordinary, would pass such estate as she had as devisee, but no more. The sale by the executrix in this case conveyed no title which would affect the remainder created by the will. Without an order procured from the proper court the widow could not divest the remaindermen of the title to the estate bequeathed in the last will and testament of their father. John C. Buckner, the purchaser from the executrix, did not obtain title to the interest of the remaindermen; and the subsequent conveyances through which the defendant claims to have deraigned title did not vest him with any interest in the property after the termination of the life-estate.

3. Another question raised in the record is whether, even if the remaindermen were not divested of their interest in the property by the sale to John C. Buckner, the administrator with the will annexed can maintain this action; the defendant contending that the right of action is not in the administrator with the will annexed, but in the remaindermen; and citing the cases of *McGlawn v. Lowe,* 74 *Ga.* 34; *Watkins* v. *Gilmore,* 121 *Ga.* 488 (49 S. E. 598); *Hodges* v. *Stuart Lumber Co.,* 140 *Ga.* 569, 572 (79 S. E. 462). The present case, however, is not, as to the controlling question, similar to the cases cited; for here the property, after the death of the life-tenant, was "to be sold and divided equally" among the remaindermen. It is true that the legacies have been assented to by the executrix, and this perfected the title of the remaindermen to the bequest in their favor. But the bequest contemplated by the testator was a part of the proceeds of a sale of the property. The provision that the property should be sold and equally divided among his children after the termination of the first estate shows that the testator contemplated that a duly appointed administrator should effect the sale. A sale was essential to the carrying out of the provision made in the will; and therefore the plaintiff as administrator with the will annexed could recover possession of the property under the terms of section 3681 of the Civil Code, which declares that if the will provides for a sale or other act to be done for the purpose of a division,

the executor may recover possession for the purpose of executing the will.

4. Under the facts of the case a verdict in favor of the plaintiff was demanded, and the court did not err in so directing.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*