### DAVID, executor, v. DAVID et al.

ATKINSON, J. A testator died in 1896. The widow and the testator's oldest son were nominated as executor and executrix, and in event of the death of either another son was nominated to fill the vacancy. The will was duly probated, and the first executor and executrix qualified. The executor died in 1922, and the executrix in 1924. There were several items in the will devising and bequeathing several tracts of land and items of personalty to different devisees and legatees. In item six certain land and railroad stock were devised and bequeathed to the widow, "to have and to hold during her natural life, for the support of herself," and it was provided that at the death of the widow the land "be returned over to my three boys, and not to be sold, unless one or the other to buy in this. I want them to have, dividing into three equal shares as they may see proper." The land referred to in item six was turned over to the widow by consent of her co-executor, and she remained in exclusive possession thereof for more than twenty years and until she died. *Held:*

1. Construing item six in connection with the will in its entirety, the devise of the land was to the widow for her natural life, with remainder to the three sons of the testator.

2. The devise did not contemplate sale of the land by the executors for division among said three sons, or other action by the executors as essential to the vesting of the remainder.

3. It is a general rule that assent by an executor to the devise of a life-estate enures to the benefit of the remaindermen. Civil Code (1910), § 3681; *McGlawn* v. *Lowe*, 74 *Ga.* 34; *Hodges* v. *Stuart Lumber Co.*, 140 *Ga.* 569, 572 (79 S. E. 462); *Almand* v. *Almand*, 141 *Ga.* 372 (81 S. E. 228). The case differs from *Evans* v. *Paris*, 148 *Ga.* 44 (95 S. E. 682), in which the executors were required to make sale of the property and distribution among the remaindermen.

4. In an action for construction of the will and direction instituted by an executor who qualified after the death of the widow, the judge, to whom the case was submitted upon an agreed statement of facts, did not err in construing item six of the will and in holding that the testator's

---

Executors and Administrators, 24 C. J. p. 470, n. 33.

Wills, 40 Cyc. p. 1414, n. 26; p. 1619, n. 63; p. 1629, n. 12; p. 1669, n. 36; p. 1678, n. 77.

sons acquired a vested-remainder interest in the land referred to therein, and that the land was not subject to distribution by the substituted executor as a part of the testator's estate.

*Judgment affirmed. All the Justices concur.*

No. 5113. JULY 15, 1926.

Construction of will, etc. Before Judge Hodges. Madison superior court. September 11, 1925.

*Clarence E. Adams,* for plaintiff.

*Berry T. Moseley,* for defendants.