*Reuben M. Tuck,* for plaintiffs.
*C. C. King,* for defendants.

## WILSON *v.* ALDENDERFER.

No. 11640.   FEBRUARY 9, 1937.

*Tye, Thomson & Tye,* for plaintiff in error.
*Mitchell & Mitchell,* contra.

JENKINS, Justice. The plaintiff sued in ejectment to recover a one-fourth interest in a house and lot in Atlanta. The defendant filed a plea of not guilty, and a plea that the plaintiff, claiming as a devisee under the will of her father, was estopped from asserting that the executor of the will had assented to the devise, and from denying that title to the property devised was in the subsequently appointed administrators de bonis non cum testamento annexo at the time of their public sale of the realty of the estate, including the property in dispute, and of the administrators' deed to the purchaser, under which the defendant claimed; the basis of such alleged estoppel being that the plaintiff joined in a written request by all four devisees to the ordinary for the appointment of such administrators, upon their petition setting forth that the will remained unexecuted. The evidence showed the following essential facts: The will devised the property to the decedent's wife, the mother of the plaintiff and her three brothers, for life, with remainder to the plaintiff and her brothers, and named the mother as executrix and the Trust Company of Georgia as successor or alternative executor in case of her death. The plaintiff lived in Chicago. Two of the brothers lived in Atlanta; the third lived in that city, except in 1928 and 1929. The testator father died in 1925, and the mother then qualified as executrix. There was testimony that after the testator's death, she "went into possession of the property in dispute," and "treated it as her own property;" that she gave two checks on her individual bank account for $109.50 to make repairs on the house; and that she moved into it from another residence about sixty days after the testator died, and lived in the house for about three years, until her death in 1928. Thereafter, on August 7, 1928, letters testamentary issued to Trust Company of Georgia, the successor executor. On July 24, 1928, the plaintiff had executed a power of attorney to a brother, who was one of the devisees, expressly giving to him the authority "to execute and sign my name to any and all legal petitions, papers, acknowledgments of service on petitions, court orders, and any and all other documents in connection with the administration of the estate of my mother . . and my father, . . and to collect and receive any and all money or property to which I may be entitled from either of said estates, giving and granting unto my said attorney full and whole

power and authority in and about the premises, and generally to do and to perform all and every act and acts, thing and things, device and devices in the law whatsoever needful and necessary to be done in and about the premises, and for me and in my name to do, execute, and perform, as largely and amply, to all intents and purposes, as I might do or could do if I were personally present." On the day after the issuance of letters testamentary to the trust company as successor executor, a petition in the names of all four of the devisee remaindermen, including the plaintiff, was filed with the ordinary, reciting that the executrix "had fully administered the estate, having paid all the debts and taxes of the estate, except one or more mortgages which are not due and which are amply secured by real estate;" that the estate had "vested in petitioners under the will;" that the "estate consists principally of real estate, and at this time nor in the very near future will there be any fair market for same, and petitioners desire to hold the same, and there is nothing to administer or any necessity for administration;" and praying that the ordinary "pass an order discharging any and all administrators or executors, leaving the said estate in the hands and control of petitioners, in whom title is vested and who are the true and lawful owners." The Trust Company of Georgia, the successor executor, signed a writing following a verification of this petition, stating that "the above is approved and consented to." So far as appears from the record, without any showing as to citation, publication, or compliance with other statutory provisions with regard to the dismissal or resignation of an executor, an order was passed on the day following the date of the petition, setting forth that the executrix had fully administered the estate and paid all taxes and debts, with the *"exception* noted" which were "not then due but amply secured by real estate," that the real estate "is vested in petitioners and heirs at law, who are now in possession of same . . and do not desire to sell the real estate, and that there is no necessity for administrator or· administrators," and upon "consent and request" of the trust company and all parties at interest it is ordered that "they are allowed to resign as administrators, and they are hereby relieved and discharged from all duties, responsibilities, and all liabilities as administrators." In 1929 the plaintiff's two brothers, who lived in Atlanta, and one of whom was the attorney in fact under

her power of attorney, filed a petition to the ordinary, stating that the executrix of their father's will had left it unexecuted, and praying for their appointment as administrators de bonis non with the will annexed. Following this there appears an instrument, signed by all the devisees of the will, including the plaintiff, as follows: "We, the undersigned heirs at law and legatees of [the] deceased, hereby select [the two brothers stated] to act as administrators de bonis non cum testamento annexo of the estate of said deceased, and request their appointment." An order was passed, and letters of administration were issued, as prayed, reciting that the executrix had died before completing the trust and administration. In September, 1929, the administrators de bonis non cum testamento annexo filed a petition for a sale of the house and lot in question, stating that there was a security deed thereon with an indebtedness of $10,000, due February 25, 1930, and for a sale of sixteen other parcels of real estate, on one of which the petition alleged that there was "a balance of $4000 due;" that the estate "consists of" all this described realty; and that "for the purpose of carrying out the terms of the will of said deceased and for the purpose of payment of debts of the estate of said deceased, and for the purpose of distribution, it is necessary to sell said land;" and praying for citation and leave to sell. After citation, an order was passed reciting that it was necessary to make the sale "for the purpose of payment of the debts of the estate . . and for the purpose of distribution," and granting leave to sell accordingly. The lot in dispute was bid in by a corporation whose application for charter contained the names of the plaintiff and her three brothers as incorporators, although she testified that she had not authorized the use of her name therein and had never participated in its affairs. This corporation executed a security deed to the defendant, who, after default in payment, and an advertisement and sale, executed to herself a deed under the power of sale in the security deed. There was no evidence that the plaintiff herself had ever gone into possession of the lot in controversy under the devise in remainder to her and her brothers. The testimony showed that she lived in Chicago, left the management of the estate in the hands of her two Atlanta brothers, who became the administrators de bonis non cum testamento annexo, and to one of whom she had previously given her power of attorney, above

quoted; and that these brothers had told her that "they wanted to keep the estate together."

With respect to the ruling in paragraph 6 of the syllabus, it appears from the statement of facts that subsequently to any vesting of the realty, including the property in dispute, in the plaintiff and the other devisees as tenants in common, by the assent of the trust company as the second or intermediate representative of the estate, the plaintiff together with one of the other devisees approved in writing an application by the other two devisees for their appointment as administrators de bonis non cum testamento annexo. In this application, approved by the plaintiff, it was set forth that the will remained unexecuted, and that consequently it was necessary that such administrators be appointed. It was these administrators who obtained an order for the sale of the realty belonging to the testator's estate, and they did sell it for the expressly stated purpose of paying debts and distribution. The defendant claims under the purchaser at that sale. The allegations in the petition for the appointment of the administrators de bonis non cum testamento annexo, as approved by the plaintiff in writing, are in direct conflict with the statements contained in the previous proceeding, upon which the plaintiff relies as constituting an assent by the trust company, as the second executor under the will, to the vesting of the realty. At the time the trust company resigned and may have assented to the legacy, it was agreed by it, by the ordinary, and by all the devisees, including the plaintiff, that the estate had been fully administered, save and except as to the payment of one or more debts secured by the realty, and was in the possession and control of the devisees, who held title thereto. Therefore it follows that the only purpose of the plaintiff's request for the appointment of the third and last representatives of the estate was to pay debts owing by the estate and to make distribution out of the proceeds of sale of the realty, including the property in dispute, which necessarily constituted the only property that the devisees could possibly have had in mind as available for this purpose. The plaintiff, having thus aided, and so impliedly consented to, a public sale of the property for such purpose, is estopped from setting up, against one holding under a purchaser at such sale, that the property sold did not in fact constitute a part of the estate, but had already vested in her by the

766

assent of a previous representative. For this reason the court erred in refusing a new trial to the defendant.

*Judgment reversed. All the Justices concur.*