MILLER, executor, *v.* HARRIS COUNTY *et al.*

No. 12319. SEPTEMBER 16, 1938.

*A. L. Hardy,* for plaintiff.

*T. L. Bowden, G. W. Huling,* and *J. O. McGehee,* for defendants.

BELL, Justice.   J. Durand Miller as executor of the will of J. H. Lynch, deceased, filed a complaint for land against Harris County.   The defendant and a vouchee filed general demurrers to the petition, which the court sustained, dismissing the action, and the plaintiff excepted.   Several questions have been argued in the briefs.   One is whether the cause of action, if any, was in the plaintiff as executor, or in remaindermen under the will of J. H. Lynch.   Being of the opinion that the right of action, if any, was in the remaindermen, and that for this reason, regardless of others, the general demurrers were properly sustained, we will state only such facts as are pertinent to that question.

The petition contained the following allegations:   J. H. Lynch died a resident of Harris County, on July 20, 1923, leaving a will the relevant items of which were as follows:  "Item 3.  I give to my wife, Sallie F. Lynch, all of my real estate, to wit:  Two hundred and ten acres of land lying and being in Harris County. Also one house and lot (including shops) being in the City of Hamilton, Harris County, the rental and revenues derived therefrom to be applied to her use and benefit during her life.   Item 4. After the death of my wife, Sallie F. Lynch, the said real estate in item three to be equally divided between my nieces, to wit: Carrilon Lynch, Sarah Miller, Frances Ely Miller, and Jennie May Miller, and my nephew Fred Miller.   Item 5.   I hereby constitute and appoint my beloved wife, Sallie F. Lynch, executrix of this my last will and testament, to act for such for and during her life, excusing her from making any returns to any court, and at her death I hereby appoint my friend J. Durand Miller executor to carry out this will, requiring him to give bond and security, and excusing him from making any returns to any court."   At the October term, 1923, of the court or ordinary of Harris County, "the said Sallie F. Lynch qualified as said executrix, and went into possession of all of the property set out in said will, and assented to the legacies therein devised and bequeathed.   At the date of the probate of said will there were no debts outstanding against the estate of the said J. H. Lynch, and there was no legal duty to perform by the said executrix, except to tender said will for probate, qualify as executrix, assent to the legacies created by said will, and take possession of the property therein bequeathed

to the named legatees, all of which duties the said executrix promptly performed. The said executrix, Sallie F. Lynch, deported this life on the 1st day of October, 1937. Thereafter, on the first Monday in October, 1937, your petitioner, under the terms of said will, qualified as executor to carry out the terms of said will, as therein required, and assented to the legacies therein bequeathed. . . Immediately upon the probate of said will and as soon thereafter as the executrix qualified and assented to the legacies devised in said will, a life-estate in the real estate described in item three and identified in item four of said will vested in the life-tenant, Mrs. Sallie F. Lynch, and remainder estate vested in the remaindermen named in item four of said will." On January 28, 1927, the sheriff of Harris County, in pursuance of executions issued by the State superintendent of banks against the "estate of J. H. Lynch," levied upon a described tract of land containing 60 acres more or less, as the property of the estate of J. H. Lynch, and after due and legal advertisement sold the land on the first Tuesday in March, 1927, to John I. Mobley. The tract thus levied upon and sold is a part "of the land described in item three of the will of the said J. H. Lynch, the title to which said land vested in Mrs. Sallie F. Lynch as tenant for life, with remainder in fee simple to the remaindermen named in item four of said will." The petition alleged that such executions, and the sale made in pursuance thereof, were void for several reasons stated, and therefore that Mobley acquired no title in virtue of the sheriff's deed. On November 5, 1929, John I. Mobley, sold and conveyed to Harris County a tract of 194 acres, *including* the sixty acres, more or less, "known as the J. H. Lynch land" and being a part of the land described and bequeathed in items 3 and 4 of the will. "Petitioner alleges that as against the title of the remaindermen named in item four of said will, the deed from John I. Mobley to Harris County is void, and the title to the said sixty acres of land therein conveyed is in the said remaindermen. . . Petitioner claims said land, as executor of the will of J. H. Lynch, for the purpose of carrying out the provisions of said will. Petitioner alleges that it is necessary to sell said land for the purpose of a division among and between the legatees named in said will, and alleges that same can not be divided in kind, and said land can not be sold until petitioner has the possession thereof."

Under the foregoing facts, it would seem to be clear that there is no right of action in the executor. "All property, both real and personal, being assets to pay debts, no devise or legacy passes the title until the assent of the executor is given to such devise or legacy." Code, § 113-801. "The assent of the executor to a legacy to the tenant for life inures to the benefit of the remainderman. Remainderman, at the termination of the life estate, may take possession immediately. If, however, the will provides for a sale or other act to be done for the purpose of, or prior to, a division, the executor may recover possession for the purpose of executing the will." § 85-709. The assent of an executor to a devise of land places title in the devisee, and assent once given is generally irrevocable. *Wilson* v. *Aldenderfer,* 183 *Ga.* 760 (3) (189 S. E. 907) ; *Walker* v. *Horton,* 184 *Ga.* 429 (2) (191 S. E. 462). "Where, under the executor's assent to a devise for life with remainder over, the remainderman, after the death of the life-tenant, becomes entitled to the immediate possession of the land, such land is no longer any part of the estate of the testator." *Watkins* v. *Gilmore,* 121 *Ga.* 488 (4) (49 S. E. 598). "An executor's assent to a legacy divests him of the title to the property embraced therein and perfects the inchoate title of the legatee, so as to give the latter a right of action to recover such property if held adversely to him." *People's National Bank of Shelbyville* v. *Cleveland,* 117 *Ga.* 908 (6) (44 S. E. 20). "The assent of the executor to the legacy of a tenant for life inures to the benefit of the remaindermen, who may, at the termination of the life-estate, take possession immediately. The executor can recover possession only where it is necessary for him to have it for the purpose of executing the will when it provides for a sale or other act to be done in order to effect a division among the remaindermen." *McGlawn* v. *Lowe,* 74 *Ga.* 34. The will here under consideration contained no provision for a sale or other act to be done for the purpose of or before a division, and consequently there was no right or authority in the executor to recover the land for the purpose of executing the will. It is true that item 4 provided that after the death of the wife the real estate mentioned in item 3 was "to be equally divided between" the four persons named as remaindermen, but, as was said in *Watkins* v. *Gilmore,* supra: "There is no intimation in the will that it is the duty of the executors to make the division

among the remaindermen after the death of the life-tenants. The remaindermen become tenants in common, and the Civil Code (§ 4786) [1933, § 85-1504] provides for a division of land held in common. Under this section the division may be had without any interference from the executors." Compare *Toombs* v. *Spratlin*, 127 *Ga.* 766, 770 (57 S. E. 59) ; *Almand* v. *Almand*, 141 *Ga.* 372 (2) (81 S. E. 228) ; *Cock* v. *Lipsey*, 148 *Ga.* 322 (6) (96 S. E. 628) ; *Lane* v. *Tarver*, 153 *Ga.* 570, 589 (113 S. E. 452) ; and on the general subject, see *Martin* v. *Walker*, 94 *Ga.* 477 (21 S. E. 223) ; *Webb* v. *Hicks*, 117 *Ga.* 335 (45 S. E. 738) ; *Wright* v. *Hill*, 140 *Ga.* 554, 562 (79 S. E. 546) ; *Moore* v. *Turner*, 148 *Ga.* 77 (91 S. E. 13) ; *Citizens Bank of Vidalia* v. *Citizens &c. Bank*, 160 *Ga.* 109 (2) (127 S. E. 219) ; *Hood* v. *Hood*, 169 *Ga.* 378 (3) (150 S. E. 552) ; *Hood* v. *Hood*, 174 *Ga.* 381 (162 S. E. 714).

The present case differs on its facts from *Fields* v. *Bush*, 94 *Ga.* 664 (21 S. E. 827), *Evans* v. *Paris*, 148 *Ga.* 44 (95 S. E. 682), *Peck* v. *Walson*, 165 *Ga.* 853 (142 S. E. 450, 57 A. L. R. 560), and *Willingham* v. *Walson*, 165 *Ga.* 870 (142 S. E. 458), in each of which the will provided for sale or other act to be done by the executor before possession by the remaindermen. The court did not err in sustaining the demurrers and dismissing the action. *Judgment affirmed. All the Justices concur.*