MATSON *et al.* v. CROWE, executrix, *et al.*

No. 13989.  MARCH 11, 1942.

580

*G. H. Howard* and *H. E. Edwards,* for plaintiffs.

*James J. Slaton, Richard C. Smith,* and *Hugh Dobbs,* for defendants.

GRICE, Justice. ■ The allegations of the petition to the effect that the sale should be enjoined because there are no debts of the estate afford no reason for an injunction, since it is disclosed that the executrix had obtained an order from the ordinary permitting its sale for the purpose of paying the indebtedness claimed by the executrix to be due. The order was an adjudication of a court of competent jurisdiction that there were debts which necessitated a sale of the property by the executrix. *Wilcox* v. *Thomas,* 191 *Ga.* 319 (12 S. E. 2d, 343). See *Thomas* v. *Couch,* 171 *Ga.* 602 (156 S. E. 206). It is binding on the legatees, devisees, and distributees, even though no personal notice of the application was given

to the complainants, since this case does not fall within the single exception pointed out in *Park* v. *Mullins,* 124 *Ga.* 1072, 1075 (53 S. E. 568), to wit, where the judgment of the ordinary authorizing the sale of land is used as evidence in an action of ejectment against such legatee, devisee, or distributee to recover the land from his possession. This ground of the demurrer was properly sustained.

■ A further ground of demurrer raises the question whether the petition states a case for injunction on account of the allegations therein concerning the assent of the executrix to this devise. In the petition (paragraph 9) it is stated that the executrix after her qualification, in her "dual capacity as executrix and trustee, assented to the life-estate in trust devised to the said Franklin W. Pierce, and took possession of" the property here involved. In paragraph 26 the language is that Mrs. Crowe "in her dual capacity as executrix and trustee, having assented to the devise of the life estate in trust to Franklin W. Pierce," etc.; and the complainants "amend their petition by adding to paragraph 9 thereof more definitely and clearly that the said defendant, as executrix and trustee, assented to said legacy." It is earnestly argued by counsel for the defendant that the allegation that the executrix assented is a mere conclusion of the pleader, and the several statements concerning the same, taken in connection with their context, show that they are based on insufficient allegations of fact to warrant the conclusion that the executrix had given her assent. It is true that it does not appear whether this assent was express or implied, whether oral or in writing, or when, where, or how it was given. If there were matters as to which the defendant wished to be more definitely informed, a timely special demurrer would have tested her right to have more definite information; but we are dealing with a demurrer general in its nature, and it must be held that the assent of the executrix was alleged. An assent to the devise to a life-tenant inures to the benefit of the remaindermen. *Miller* v. *Harris County,* 186 *Ga.* 648 (198 S. E. 673), and cit. The assent of the executor to a devise of lands perfects the inchoate title of the devisee. *Peoples National Bank of Shelbyville* v. *Cleveland,* 117 *Ga.* 908 (6) (44 S. E. 20). By assenting to the devise the executrix loses all control and interest in the land. It is no longer a part of the estate. The order of the ordinary could not give any title to the estate thereto. *Watkins* v. *Gilmore,* 121 *Ga.* 488 (49 S. E. 598).

Since under the allegations of the petition the complainants have title to the premises advertised to be sold by the executrix, the statute affords them a direct, complete, and adequate remedy to prevent the sale, that is, by the filing of a claim in the court of ordinary, and, upon its transmission by the ordinary to the next term of the superior court of the county where the land lies, having the right of property there tried. Code, §§ 113-1801, 113-1802. Generally, equity will not take cognizance of a plain legal right where an adequate and complete remedy is provided by law. Code, § 37-120. This record presents a case where the complainants have a remedy at law. *Hall* v. *Findley,* 188 *Ga.* 487 (4 S. E. 2d, 211), and cit. If this were all the relief prayed for, the petition would fail to state a cause of action, or to present any ground for equitable relief.

■ A similar situation exists with reference to the prayer that the court decree equitable partition of the property by ordering it sold for the purpose of dividing the proceeds between plaintiffs and defendant, after paying the expenses of this proceeding. The jurisdiction of the subject-matter is by our Code placed in courts other than equity courts, and no facts are alleged to show that the intervention of a court of equity is necessary. Compare Code §§ 113-2201 et seq., 113-1701 et seq., 113-1018 et seq. Standing alone, nothing with respect to a partition of the property is alleged which is sufficient to state a cause of action. Other portions of the petition must be examined, therefore, in order to ascertain whether it contains allegations to show why equity should in the instant case grant this particular prayer, even though the same relief could be obtained in a court of law.

■ The Code, § 108-114, describes those for whom a trust may be created. The will of Mrs. Pierce is silent as to whether her husband for whom a trust was attempted to be created in item 7 of her will was one falling within either of the classes therein named, nor is there anything on this subject alleged in the petition. The case is here on demurrer. While it is true that the law presumes every man to be of sound mind and good habits, it also presumes that every person knows the law and will not wilfully violate it in making a disposition of his or her property; and when one of these presumptions arises against the other, the former yields to the latter, and hence it must be assumed that the trust was a valid one.

The precise point was ruled in *Sinnott* v. *Moore,* 113 *Ga.* 908 (39 S. E. 415). The remainder under this item of the will was, however, not embraced within the trust. The interests which these complainants took upon the death of the husband was a legal estate. Compare *Clark* v. *Baker,* 186 *Ga.* 65 (196 S. E. 750), and cit. One of the prayers of the petition, and the only prayer that related to any accounting, was one that the court decree that the defendant as trustee be required to render to the court an accounting, under oath, of any and all sums of money or property, itemized, as received and paid out by her as trustee for maintenance and support of Franklin W. Pierce, and any items claimed by her for services rendered, if any. Since Franklin W. Pierce was the only beneficiary of the trust estate, the complainants can not require the trustee to account to them on any idea that they occupy the relation of cestuis que trust. Nevertheless the conclusion is reached that, considering the allegations and all the prayers, the petitioners are entitled to an accounting. The defendant is sued in three different capacities, to wit, as trustee, as executrix, and as an individual. Process is prayed against her in the three separate capacities. There is a prayer for general relief. This prayer is sufficient to grant petitioners such relief as is consistent with and entirely within the scope of the pleadings. *Broderick* v. *Reid,* 164 *Ga.* 474 (2), 483-484 (139 S. E. 18), and cit. The nature of the case, however, must be such that under the prayer for general relief some character of relief may be granted which is consistent with the case made by the petition and with the specific prayers therein. *Copeland* v. *Cheney,* 116 *Ga.* 685 (43 S. E. 59) ; *Pound* v. *Smith,* 146 *Ga.* 431, 435 (91 S. E. 405). Among the specific prayers is one that the executor's sale of the land be enjoined, and another that the property be partitioned. Both of these prayers are based in part on the contention that the complainants own an undivided two-thirds interest in the property, and that the estate owes no debts; and on the following allegation: "(29) Petitioners allege that on an accounting no amount is due or will be due the trustee, Mrs. Cornelia Elizabeth Crowe, and that money already received from said estate by her of approximately $400 obtained from life-insurance policy on the life of Mrs. Edith Miles Pierce, and other funds and rental due by her, will exceed any sum justly due to her as such trustee. (30) Petitioners show that the said Mrs. Cornelia

Elizabeth Crowe should be required by order of the court to render a full accounting of all moneys, property, real or personal, received by her and that received from the estate of Franklin W. Pierce, together with a fair rental charge against her for the use and occupancy of said home; and petitioners allege that upon the just and fair accounting any amount legally and properly spent by her for the maintenance and support of said Franklin W. Pierce under the terms of said will be exceeded by the amount she has received from both of said estates, and there will be a large amount due your petitioners by the said Mrs. Cornelia Elizabeth Crowe." They also pray for judgment against the defendant as an individual "for such sums as the defendant is due these plaintiffs as rents for the use of said property for the time she occupied the same, less any credit to which she is justly entitled under the law."

When this case was first being considered, counsel were invited to reargue it, permission being given to review the decisions of this court in *Ewing* v. *Moses,* 50 *Ga.* 264, *Williams* v. *Lancaster,* 113 *Ga.* 1020 (39 S. E. 471), *Strickland* v. *Strickland,* 147 *Ga.* 494 (94 S. E. 766), and all other Georgia cases upon the subject, in so far as they or any of them rule that a court of equity should entertain jurisdiction of a suit wherein an heir, distributee, or legatee merely seeks an accounting and settlement with an administrator or executor, where the petition contains no other allegations which would make it appropriate for a court of equity to assume jurisdiction. Counsel have filed helpful and extensive briefs on that subject; but upon further consideration of this record we are of the opinion that no such question is here necessarily involved, since this petition contains other allegations which make it proper in any event for a court of equity to take jurisdiction. On the face of the petition it appears that the executrix has no right to sell the house and lot. In the same way, it appears that these complainants are entitled to have the property partitioned. In like manner it appears that upon a full accounting of all moneys received by the defendant, and of the amounts legally and properly spent by her for the maintenance and support of Franklin W. Pierce, there will be a large amount due by her to petitioners. True, a claim filed to the realty would test their title to it, and they do not need equity merely to have the property divided; but when they seek, as here, an injunction to prevent the sale, and an equitable partition of the

property, and a judgment against the defendant personally, and invoke the intervention of equity to avoid a multiplicity of suits, the defendant being sued in her three separate capacities, not only is the need for an accounting shown, but enough also to show that such a case is presented as makes it reasonable to seek this in a court of equity. While "One who has never had any interest in the subject-matter of a suit has no right to ask an accounting" (*Bradshaw* v. *Estill*, 157 *Ga.* 171, 121 S. E. 385), these complainants had a direct interest in this property, and had a right to seek an accounting. The Code, § 37-301, declares that equity has jurisdiction over matters of account, . . where [the] accounts are complicated and intricate, or . . between . . tenants in common, or where a multiplicity of suits would render a trial difficult, expensive, and unsatisfactory at law." The complainants and the defendant are in effect alleged to be tenants in common. It also might well be concluded that the accounts are complicated and intricate, especially in view of the fact that according to the allegations she was sought to be charged in three separate capacities. As to the right of the complainants to an accounting, see 1 Am. Jur. § 451. 1 C. J. S. § 30.

■ "Equity seeks always to do complete justice; and hence, having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to the subject-matter of the suit, provided the court has jurisdiction for that purpose." Code, § 37-105. Since the complainants, under their allegations, are entitled in equity to an accounting, and the amount which by the accounting they seek to establish is due them, if at all, as remainder legatees under their mother's will, the right of the executrix to sell the property, the right of the petitioners to have a partition, and their right to a judgment against the defendant personally, all relate to the same thing, to wit, the management by the defendant as trustee and executrix of property disposed of by their mother in her will. As was well observed in *Cleghorn* v. *Love*, 24 *Ga.* 590, 603-604, "It is one of the maxims of a court of equity that it will not do justice by halves, and what constitutes its chief value is that it can bring before it all parties engaged in a transaction, and however diversified their interests and liabilities may be, it can frame a decree giving each complainant his right, and holding each defendant to his proper accountability. I am not to be understood

586

as intimating that different subjects matter may be united in one bill against the same defendant; or that very dissimilar matters growing out of the same transaction, against several defendants, may be joined in the same bill. But, when investigating one of several branches of a case growing out of the same transaction, the others are to some extent involved, they should all be inquired into in one suit." The principle here referred to has frequently been applied and under varying circumstances. In our opinion it is applicable here. Compare *Frith* v. *Roe,* 23 *Ga.* 139; *McDonald* v. *Davis,* 43 *Ga.* 356; *Eagan* v. *Conway,* 115 *Ga.* 130 (3) (41 S. E. 493); *Goodwynne* v. *Bellerby,* 116 *Ga.* 901 (7) (43 S. E. 275); *Baxter* v. *Camp,* 129 *Ga.* 460 (59 S. E. 283); *A., B. & A. Ry. Co.* v. *Smith,* 148 *Ga.* 282 (3) (96 S. E. 562); *McCord* v. *Walton,* 192 *Ga.* 279 (3) (14 S. E. 2d, 723). It being, as against the demurrer, a case where equity should assume jurisdiction in order to render an accounting, the court will in the same suit undertake to settle the other controversies growing out of the same subject-matter, and to grant the other relief indicated in the specific prayers relating to injunction and partition, although these, standing alone, could not be granted.

It follows that the court erred in sustaining certain grounds of the demurrer as pointed out in the preceding statement of facts, and in dismissing the action.

*Judgment reversed. All the Justices concur.*