DIXON et al., executors, v. RICHARDSON et al.

JENKINS, Justice. 1. It is the general rule that "the assent of the executor to a legacy to the tenant for life inures to the benefit of the remainderman." Code, § 85-709; Wilson v. Aldenderfer, 183 Ga. 760 (2) (189 S. E. 907), and cit. The rule is otherwise where "the executor by the will has a trust to perform, arising out of the property," after the death of the life-tenant. Gay v. Gay, 29 Ga. 549 (2), 552; Miller v. Harris County, 186 Ga. 648, 652 (198 S. E. 673), and cit.; Evans v. Paris, 148 Ga. 44 (3), 46 (95 S. E. 682). In the instant case it appears that while the residuary estate has been fully administered, there yet remains a specific duty, imposed upon the executors by the terms of the will, with respect to the remainder interest in property that had been specially devised to the widow, now deceased, for life. The will provided that, upon termination of this life-estate, the property should "revert back to [the] estate," subject in all particulars to a devise in trust, and that the executors should have trustees appointed, and execute to them a deed to the property. Accordingly, it became the duty of the executors, upon the termination of the life-estate, to have such trustees appointed and to execute to them a deed of conveyance.

2. In the absence of authority expressly given or plainly implied by the will, an executor is not authorized to borrow money for the estate and create a lien upon the property coming into his hands as executor; nor can such power be conferred by the courts. Field v. Manly, 185 Ga. 464 (2) (195 S. E. 406), and cit. Especially would this be true where, as here, the authority given by the will to the executors to manage and sell the residuary properties of the testator and to invest the proceeds excluded the property specifically devised and covered by the life-estate now involved.

444

(a) While the law devolves upon an executor the duty to pay the debts of his testator and the expenses of administration before turning property over to the beneficiaries under the will, in this case it appears from the executors' petition, asking leave to borrow money to pay "debts," that the debts referred to were remaining installments due for paving-assessment liens, which had been created against the property during the period that the property was enjoyed by the life-tenant, and were not debts of the testator or expenses of administration. Consequently the trustees would be entitled to receive the property charged with the liens thus created since the death of the testator; and the court did not err in so holding. As to the devisee in such a case taking the property cum onere, see 4 Page on Wills, 301, § 1488, and cit.; 21 Am. Jur. 549, 550, §§ 297, 298.

3. Since the will specifically gave to the executors a definite sum as "full compensation for their services" as such, the court did not err, under the facts of this case, in holding that they were not entitled to additional compensation.

4. However, the court was in error in holding that the executors were authorized, under the terms of the will, to name the trustees to whom this property should be conveyed by them, since the will merely empowered the executors to have trustees appointed; and this function, unless otherwise provided, can be exercised only by a judge of the superior court. See, in this connection, *Harris* v. *Brown*, 124 *Ga.* 310 (2, 6), 313 (52 S. E. 610, 2 L. R. A. (N. S.) 828); *Thompson* v. *Hale*, 123 *Ga.* 305, 311 (51 S. E. 383).

5. Under the facts set forth in the petition and the prayer for general relief, the appointment of such trustees could be made under the present petition; and in so doing, the judge in the exercise of his discretion could provide reasonable attorney's fees therefor, besides other costs of the proceeding.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

No. 14240. SEPTEMBER 15, 1942.

446

*Fort & Fort,* for plaintiffs.   *G. Y. Harrell,* for defendants.