BIGGERS *v.* GLADIN.

No. 16420.   November 17, 1948.

492

*R. F. Duncan* and *A. M. Kelly,* for plaintiff in error.
*Erwin Sibley* and *Marvin A. Allison,* contra.

494

DUCKWORTH, Chief Justice. (After stating the foregoing facts.) ■ The will under which the petitioner claims is not drawn with precise legal language which is usually employed in more formal wills, but is a nuncupative one, recording the testamentary wishes as expressed to witnesses to the instrument. Nevertheless, in so far as it is not against public policy and law it will be given full effect according to the intention of the testator, and this intention must be ascertained by taking the will, as it is said, "by the four corners" and giving to all parts of it consideration. *Shoup* v. *Williams*, 148 *Ga.* 747 (1) (98 S. E. 348); *Yerbey* v. *Chandler*, 194 *Ga.* 263, 265 (21 S. E. 2d, 636); *Young* v. *Young*, 202 *Ga.* 694, 702 (44 S. E. 2d, 659). Looking at the entire will, we construe its provisions as indicating the wishes of the testator as follows: He wanted the wife to have the home place during her lifetime, thereby giving her a life estate in such property. He recognized, however, that she would require sufficient income for her support, maintenance, and upkeep of the home. He wanted the children to have the respective lands only after the death of the widow, and not to become vested at his death with a fee-simple title which would exclude the widow from all benefits therein. To provide a sufficient support and maintenance during her lifetime, he wanted her to have the income from such lands in the form of the "usual annual rents," just as if a "life estate" had been willed in terms and she herself should take possession and arrange for the production of income by rentals. Desiring, however, to relieve her of the burden of renting the lands, he chose to place them in the hands of the children as tenants of the widow, the life tenant, the status of each child to be that of a remainderman. These lands were inferentially capable of producing the "usual annual rents," and the testator desired that she receive for her support and maintenance, not merely a given sum and no more, but the full income, the "usual annual rents," which he doubtless deemed adequate. This appears from the fact that, while providing in item 13 for the sale of any property owned by him but not mentioned in his will, he excluded his wife from participating in any of the proceeds. The direction in item 12 did not amount to a charge upon the lands in the nature of a trust, as contended by the plaintiff in error, with citations of cases like *Bell* v. *Watkins*,

104 *Ga.* 345 (30 S. E. 756), and *Prince* v. *Barrow,* 120 *Ga.* 810 (48 S. E. 412), where direction was given that the devisee pay to another a sum which was less than the annual income. In the present case, the widow was to receive the entire income in the form of the "usual annual rents." Such a provision created a life estate in the widow. Code, § 113-805; *Gilmore* v. *Gilmore,* 197 *Ga.* 303 (3) (29 S. E. 2d, 74); *Roberts* v. *Wilson,* 198 *Ga.* 428, 435 (31 S. E. 2d, 707).

It is urged by the plaintiff in error that the view that a life estate was intended by the testator for the widow with remainder to the children respectively can not be reconciled with the provisions of item 10 that Philo A. Yancey and Grover A. Yancey be given $3000 each in cash, and the direction in item 12 that they should "pay as rents like the other children what would be a reasonable rent on said money if in land like that given to the other children," it being urged that, if a life estate was granted in the lands, it was also granted in the money bequeathed to the two sons, and yet it would be unreasonable to assume that the testator would exact such requirement from them if he did not intend that they have the immediate use, possession, and control of the money. To sustain the view that a life estate was granted to the widow in the lands as above mentioned, it is not necessary to reach the same conclusion as to the money directed to be paid to the two sons. Whether or not such a bequest was one encumbered with a charge in the nature of a trust need not be decided. It might be added, though we make no ruling here as to this bequest, that a life estate and a remainder interest may be created in money. In *Crawford* v. *Clark,* 110 *Ga.* 729, 732 (2) (36 S. E. 404), it was said: "A remainder can be created in money. *Thornton* v. *Burch,* 20 *Ga.* 791 (3), 793; *Chisholm* v. *Lee,* 53 *Ga.* 611; *Phillips* v. *Crews,* 65 *Ga.* 274 (2); *McCook* v. *Harp,* 81 *Ga.* 229; *Gairdner* v. *Tate,* ante, 456. In *Phillips* v. *Crews,* where the law is clearly stated, the court held as follows: 'A life estate in money, with a remainder over, may be created. Money may be lost but it should not be destroyed in the use.' And also that section 2253 of the Code of 1873 (now Civil Code, § 3088 [Code of 1933, § 85-602]), prohibiting the creation of a remainder in property that is destroyed in the use, 'does not allude to money but to such things as perish with the usage.' "

██ But it is contended by the plaintiff in error that he is an innocent purchaser for value and is protected by the order of the court of ordinary referred to in the petition, granting the executors leave to sell lands, including that sued for here, for the purpose of paying debts of the estate. The application did not, however, raise any issue as to title, and the order of the court of ordinary did not put any title in the estate that was not already there. The petition alleges that the assent of the executors had been given and the land here involved delivered to the life tenant. Assent by the executor to a devise, with certain exceptions not here involved, perfects the inchoate title and is irrevocable by the executor. *Citizens Bank of Vidalia* v. *Citizens & So. Bank*, 160 *Ga.* 109, 117 (127 S. E. 219); *Wilson* v. *Aldenderfer*, 183 *Ga.* 760 (3) (189 S. E. 907). See also *Peoples National Bank* v. *Cleveland*, 117 *Ga.* 908 (6) (44 S. E. 20); *Matson* v. *Crowe*, 193 *Ga.* 578, 581 (19 S. E. 2d, 288). In such a case, however, an unpaid creditor may follow the land into the hands of devisees and subject it at law or equity to the payment of his claim. *McNair* v. *Rabun*, 159 *Ga.* 401, 409 (126 S. E. 9); *Wilson* v. *Aldenderfer*, supra; *Trustees of Williams Hospital* v. *Nisbet*, 191 *Ga.* 821, 850 (14 S. E. 2d, 64). The assent inures to the benefit of the remainderman who, at the termination of the life estate, may take possession immediately, unless the will provides for a sale or other act to be done for the purpose of effecting a division among remaindermen. Code, § 85-709; *McGlawn* v. *Lowe*, 74 *Ga.* 34; *Miller* v. *Harris County*, 186 *Ga.* 648, 651 (198 S. E. 673). See also *Almand* v. *Almand*, 141 *Ga.* 373 (81 S. E. 228); *David* v. *David*, 162 *Ga.* 528 (3) (134 S. E. 301). The order of the court of ordinary, in permitting the land to be sold for the payment of debts, adjudicated that it was necessary to sell the lands to pay debts of the estate, but did not adjudicate title. Since no adjudication was made as to title, the plaintiff in error and his predecessors in title could not rely on that order to sustain the contention that they held title and were innocent purchasers for value. In *Watkins* v. *Gilmore*, 121 *Ga.* 488, 490 (49 S. E. 598), it was said: "At the time the ordinary granted the order and recited therein that the land had reverted to the estate of the testator, the land had not reverted and was no part of the estate. The assent of the executors perfected the inchoate title of the

devisees, and at the death of G. W. Watkins the remainderman had the right to take immediate possession. This land was no part of the estate, and the order to sell it was void for want of jurisdiction. Such order, being void, could be attacked anywhere and at any time. The title to the land having passed out of the estate into the devisees, the executors have no right to recover it as part of the estate. The ordinary's order to sell can not give the estate any title to the land nor give the executors any right to recover it when it is no part of the estate. Whorton v. Moragne, 62 Ala. 201. That order may have adjudicated as against the world that it was necessary to sell land of the estate to pay debts or for distribution, but it did not vest in the estate the title to any land which was no part of the estate. After the assent of the executors and the death of the life-tenant, the land in controversy was the property of the remaindermen, and the title vested in them as completely, as against the estate and the executors, as though it had never formed any part of the estate. The order to sell the land as part of the estate could not change the title nor give the executors the right to recover land which was not part of the estate nor subject to sale by the executors to pay debts or for distribution." See also *Pope* v. *Stanley*, 202 *Ga.* 180, 185 (42 S. E. 2d, 488).

◼ Nor does the petition show, as contended by the plaintiff in error, that he has prescriptive title under color of title and adverse possession of him and his predecessors in title for more than seven years. It is alleged that the widow, the life tenant of the property here sued for, died on August 2, 1946. Prescription does not run against a remainderman until the death of the life tenant. *Brinkley* v. *Bell*, 131 *Ga.* 226 (5) (62 S. E. 67); *Sikes* v. *Moxley*, 201 *Ga.* 76 (38 S. E. 2d, 671); *Folds* v. *Hartry*, 201 *Ga.* 783, 787 (41 S. E. 2d, 142). Since the present action was brought on October 15, 1946, it is obvious that seven years had not elapsed since the death of the life tenant on August 2, 1946.

Nor is there any merit in the contention that the petitioner is guilty of laches, since as remainderman she had no cause of action against any purchaser until she acquired a right of entry and possession by the death of the life tenant on August 2, 1946. *Glore* v. *Scroggins*, 124 *Ga.* 922 (3) (53 S. E. 690); *Mathis* v.

**498**

*Solomon,* 188 *Ga.* 311, 312 (4 S. E. 2d, 24) ; *Gurr v. Gurr,* 198 *Ga.* 493, 503 (32 S. E. 2d, 507).

■ It follows from the above that the petition as amended shows a cause of action in the petitioner to recover the land in question, as well as the rental value thereof, and the court did not err in overruling the defendant's general demurrer.

■ The evidence, which has been fully set out in the preceding statement of facts, amply supported the allegations of the petition as amended, and demanded a finding that the petitioner was entitled to recover the land sued for and annual rents of $250. The court did not err in directing a verdict and entering judgment accordingly.

■ While the evidence shows that the life tenant voluntarily surrendered the land to the executors, in accordance with an agreement between her and the adult children, her action was not binding upon the petitioner, the remainderman, who was at the time an infant of about 7 years of age and not represented by a guardian.     *Judgment affirmed.   All the Justices concur.*