## A91A0380. KITTLES v. BOLTON.
(406 SE2d 496)

BIRDSONG, Presiding Judge.

This is an appeal from summary judgment granted to the plaintiff George Bolton in his petition for declaratory judgment as to his rights under a sheriff's levy and sale.

Appellee Bolton purchased the property, a house and lot, at a sheriff's sale, following legal advertisement which did not include any mention that an estate for years in the appellant Mrs. Georgia Kittles would be excepted from the sale. It was Mrs. Kittles who levied on the property to satisfy a $30,000 year's support judgment which she had obtained in 1987 against her late husband's estate. Appellee Bolton paid $75,000 for the property but has been unable to obtain possession, Mrs. Kittles contending she is entitled under her husband's will to reside there until November 1991. Mr. Kittles died in November 1981; his widow's estate for years was to run ten years. Mr. Kittles' two children are the remaindermen to this legacy to Mrs. Kittles; one of them is also one of the two executors of the estate. *Held*:

The trial court did not err in granting summary judgment to the appellee, George Bolton, entitling him to possession of the house and property free of any interest of Mrs. Kittles.

Mrs. Kittles obviously could not levy on the property to satisfy her year's support award unless the property belonged to the estate; she therefore cannot contend at the same time that her legacy of an estate for years was perfected. If her legacy, i.e., her estate for years, had been assented to by the executors (see OCGA § 53-2-109), the benefit would have inured to the remaindermen; that is, their remainder interest would be perfected as well, and all the property would

thus have passed out of the hands of the executors and out of the estate. *Pound v. Faulkner,* 193 Ga. 413 (5), (6) (18 SE2d 749); *Wilson v. Aldenderfer,* 183 Ga. 760 (189 SE 907). In order to authorize a conclusion that Mrs. Kittles had the right to levy on the property to satisfy her judgment against the estate, we must first conclude her estate for years had not been assented to, so that the property was still the property of the estate. Although Mrs. Kittles contends her estate for years was separated or divisible from the remaindermen's interest, and that she could levy upon the remaindermen's interest, this is not a correct proposition, for if her legacy was assented to, the remaindermen's interests were perfected also. The property would no longer be in the estate and could not be levied on to satisfy a debt of the estate. *Pound,* supra; *Wilson,* supra.

On the face of these facts, it might seem that the fact Mrs. Kittles lived in the property since 1981, with the apparent approval of the executors, would indicate at least an implied assent of the executors to her legacy, under OCGA § 53-2-109. See also *Clay v. Clay,* 149 Ga. 725 (101 SE 793); *Moore v. Turner,* 148 Ga. 77 (95 SE 965). But assent is not necessarily presumed from residence of the legatee or similar facts. See *Johnson v. Thomas,* 144 Ga. 69 (86 SE 236). If there had been any assent to Mrs. Kittles' legacy, the remaindermen's interests would have been perfected as well. That is, if the executors assented to the legacy of Mrs. Kittles' estate for years, the remainder interest would have been perfected, the property would have passed out of the estate, and she could not have levied upon it to satisfy her year's support judgment. As executor one of the remaindermen allowed the levy on her remainder property as property of the estate, thus confirming, under all we have said, that it never passed out of the estate, and therefore neither did the other remainderman's interest.

The conclusion is inescapable that, whatever Mrs. Kittles' occupation for these years may be called, whether at leisure or at sufferance, it was not on account of a choate devise under the will. If notwithstanding what we say here she successfully could convince a jury that there was assent to her devise and that she has the right to live on the property until November 1991, then the effect would be that the remaindermen's interests became perfected as of the time of their assent and the property will have passed out of the estate; she could not properly have levied on it to satisfy her $30,000 year's support judgment. But she was able to levy on the property because she had no perfected interest in the devise, and neither did the remaindermen, for the property was still in the hands of the estate. It is therefore irrelevant whether appellee had notice of her claim when he purchased the property. The ruling of the trial court is affirmed.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

Decided May 17, 1991 —
Rehearing denied June 10, 1991 —

*Lissner, Killian, Cunningham & Zacker, Robert P. Killian*, for appellant.
*Amanda F. Williams, Martha F. Dekle*, for appellee.