35267. SALTER, Executrix, *v.* WETMORE, Executrix, *et al.*

DECIDED SEPTEMBER 24, 1954.

*Sims & Crespi, Joseph S. Crespi,* for plaintiff in error.
*T. B. Higdon,* contra.

QUILLIAN, J. On October 9, 1952, the executrix of the estate of Mrs. H. R. Salter (defendant in error here), filed an applica-

tion for leave to sell certain described real estate, which appears from the record to comprise all the real estate of the estate of which the executrix had title at the time the application was filed. The application was made to sell the property for the purpose of distribution and the payment of debts.

H. R. Salter, an heir at law of Mrs. H. R. Salter and legatee under her will, filed a caveat to the application on the grounds: (1) that the estate owed no debts; (2) that in a previous application no debts were mentioned and therefore there were none owing by the estate; (3) that there was an order on the previous application in which order signed by the Ordinary of Fulton County, on July 25, 1952, it was stated there were no debts of the estate; (4) that in previous applications the executrix had stated on oath that there were no debts; (5) that all of the parties (evidently referring to heirs at law, legatees, and devisees) were sui juris, and there was no reason why the executrix should hold title to the real estate; (6) that there had been no change in the status or circumstances of the estate since the order was granted on the previous legal application for leave to sell.

While not so contending in his caveat, H. R. Salter sought by the introduction of evidence to present an additional ground of objection to the executrix's application for leave to sell the real property of the estate. This ground was that the property had, prior to the filing of the application for leave to sell, passed under the will of Mrs. H. R. Salter and by assent of her executrix to his and other devises.

It is no ground of caveat to the application of the executor to the ordinary for leave to sell land that the executor has assented to a devise in the will of the testator. The caveator's remedy is a claim. "The assent of the executor perfects the inchoate title of the devisee, the executor thereby losing all control of and interest in the land, which is not thereafter a part of the estate. Standing alone, the fact of the assent of the executor, however, affords no reason why a court of equity will enjoin a contemplated public sale thereof by the executor, since the statute affords the devisee a direct, complete, and adequate remedy, to wit, the filing of a claim thereto with the ordinary." *Matson* v. *Crowe*, 193 *Ga.* 578 (2) (19 S. E. 2d 288); *Hall* v. *Findley*, 188 *Ga.* 487 (4 S. E. 2d 211). The claim, under provisions of Code

§ 113-1801, is filed with the ordinary, but is returnable to the superior court. Ordinarily the ordinary's court has no jurisdiction to try the issue as to whether the executor holds title to property in his possession, claimed by another. Nothing in Code § 113-1706 confers any right upon a devisee claiming title to property under a will under the assent of the executrix to the devise of the property to him by the testator to protest the sale on the ground that the property is not a part of the estate. That Code section simply provides that nothing therein prevents a devisee from entering an appeal from an order of the ordinary authorizing the sale. Even if the ground of a caveat, as in this case, claiming the real estate for which the application for leave to sell is made by the executrix, is not demurred to, the ordinary does not have jurisdiction to hear it. On appeal from the ordinary's court to the superior court, it is elementary that the superior court has the same jurisdiction as the ordinary's court. Since neither the ordinary's court nor the superior court on appeal had jurisdiction to consider the ground of the caveat that the caveator had title to the real estate, no question in reference to that issue is for consideration here.

It follows that it is immaterial whether at any time after the qualification of the executrix such conditions existed as gave rise to the presumption that the executrix had assented to the devise under which the caveator claimed the property. For instance, that from the nonexistence of debts at any particular time it would be presumed that the assent of the executrix was given to the devise under the will of Mrs. Salter to the caveator of an undivided interest in the real estate, for permission to sell which application was made, could have no bearing on the legality of the court of ordinary's order granting permission to the executrix to sell it, or the judgment of the superior court affirming that order, for the simple reason that the issue as to whether the real estate or any interest in it was a part of the estate or had passed out of the estate to the caveator by virtue of the assent by the executrix to the devise could not be entertained by the ordinary's court originally nor by the superior court on appeal from the ordinary's court.

For the same reason as is above assigned, the question of whether assent by the executrix to one particular lot, on an

occasion previous to the filing of the application to sell the remaining real property, had the effect of giving assent of the executrix to all real estate passing under the will of Mrs. H. R. Salter, is not now considered.

So, the judge of the superior court, on the hearing of the case before him without the intervention of a jury, had two issues of fact properly submitted by the pleadings in the case—that is the executrix's application for leave to sell and the caveat of the plaintiff in error objecting to the granting of that permission. The issue as to whether it was necessary to sell the real estate for payment of debts or proper distribution of the estate under the will of Mrs. Salter was the only issue in the case.

There was some evidence to authorize the judgment of the superior court, and there were no special grounds of the caveat, under the principles of law enumerated in this opinion, for consideration by this court. Therefore, the judgment of the superior court is affirmed.

The judgment of the ordinary on the previous application only had reference to the question of whether the estate then owed debts. Its operation would not extend into the future and adjudicate that none would thereafter arise. While ordinarily debts of an estate are to be regarded as those incurred by the testator in his lifetime, yet in the case of joint tenancies debts for repair on property may thereafter arise, as well as liability in the nature of debts for costs of administration and attorneys' fees. Moreover, the facts in the case showed that the property consisted only of three pieces of real property, and the trial court had sufficient evidence before it to authorize a judgment that it was necessary to sell the property for the purpose of distribution.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*